UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST JACKSON,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, and DOES 1–25, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 19-cv-767-GPC-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS**<br><br>**[Dkt. No. 7.]** |

　　　Before the Court is Defendant County of San Diego's ("Defendant" or "County") motion to dismiss Plaintiff Ernest Jackson's ("Plaintiff") claims against it pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. No. 7.) Plaintiff filed an opposition. (Dkt. No. 10.) The County filed a reply. (Dkt. No. 11.) Based on the briefs, applicable law, and supporting documentation, the Court GRANTS in part and DENIES in part the County's motion to dismiss.

1

## Background

On April 25, 2019, Plaintiff filed a complaint claiming federal and state civil rights violations as well as state law claims against the City of San Diego, the County of San Diego, and Does 1–25. (Dkt. No. 1, Compl.) Does 1–2 are police officers, officials, and other agents of the City of San Diego employed by the San Diego Police Department who were acting in their professional capacity within the scope of their employment. (Id. ¶ 12.) Does 3–25 are sheriff's deputies, officials, and other agents of the County of San Diego employed by the San Diego County Sheriff's Department who were acting in their professional capacity within the scope of their employment. (Id. ¶ 14.)

According to the complaint, on Saturday, July 28, 2018, while Plaintiff was dozing off in his parked truck in front of his former residence located at Newton Avenue, two San Diego police officers, Does 1 and 2, arrested Plaintiff for public intoxication without asking Plaintiff any questions about whether he lived at the residence, why he was parked on the street, or whether he had been drinking. (Id. ¶¶ 21–30.) Plaintiff asserts he had not been drinking and did not display any signs of intoxication. (Id. ¶¶ 29, 31.) The officers did not ask to see Plaintiff's California driver's license, which listed the Newton Avenue location as his address of residence, and they did not conduct a sobriety test. (Id. ¶¶ 26–32.) The two officers booked Plaintiff in the San Diego Central Jail where Plaintiff spent five days, from Saturday, July 28, 2018 to Wednesday, August 1, 2018. (Id. ¶¶ 36, 42.) The officers also seized Plaintiff's truck, which contained his personal possessions, and the truck was ultimately sold at an auction after Plaintiff could not afford to retrieve it. (Id. ¶ 37.) Once booked, Plaintiff was informed he would appear before a judge at 10 a.m. on Monday, July 30; however, when the time came, Plaintiff was never taken to appear before a judge, and sheriff deputies did not give Plaintiff an explanation as to why he was denied a hearing. (Id. ¶¶ 38–40.) The following day, Tuesday, July 31, Plaintiff inquired about appearing before a judge, and a deputy responded that they would "let him know." (Id. ¶ 41.) He was not taken to a judge and spent another day in jail. (Id.) On Wednesday, August 1, Plaintiff's fifth day in jail,

2

deputies handed Plaintiff a sheet of paper, which ordered Plaintiff to appear in court on September 13, 2018 and on that day, Plaintiff was released from jail. (Id. ¶¶ 42, 45.) On September 13, 2018, Plaintiff appeared in court as ordered but no criminal charges had been filed. (Id. ¶ 46.) Plaintiff believed he was a defendant awaiting criminal charges when he appeared in court on September 13, 2018. (Id. ¶ 105.) As a result of his unlawful seizure, wrongful arrest, false imprisonment, and violation of due process rights, he suffered emotional trauma, anxiety, and pain and suffering. (Id. ¶ 47.)

On March 7, 2019, Plaintiff presented a Government Claim Form with the County pursuant to the California Government Code. (Id. ¶ 7.) On the Government Claim Form, Plaintiff wrote that the claim arose from events that occurred between July 28, 2018 to September 13, 2018. (Dkt. No. 7-2, D's RJN[1], Ex. A at 4[2].) On March 14, 2019, the County issued a Notice of Returned Portion of Claim for Dates July 28, 2018 through August 1, 2018. (Id., Ex. B at 7.) The Notice stated that a portion of his claim, July 28, 2018 through August 1, 2018, was not timely because it was not filed within six months after the event or occurrence but acknowledged the September 13, 2018 portion of the claim was timely. (Id.) On April 23, 2019, the County issued a Notice of Rejection of Claim which references July 28, 2018 as the date of the incident.[3] (Id.)

---

[1] The County seeks judicial notice of the Government Claim Form submitted by Plaintiff, the County's Notice of Returned Portion of Claim for Dates July 28, 2018 through August 1, 2018, and the County's Notice of Rejection of Claim. (Dkt. No. 7-2, D's RJN.) Plaintiff does not oppose and in fact relies on these documents in his opposition. Federal Rule of Evidence 201(b) provides that the "court may judicially notice a fact that is not subject to reasonable dispute because it . . . .(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Because these document are not subject to reasonable dispute, the Court GRANTS the County's request for judicial notice. See Clarke v. Upton, 703 F. Supp. 2d 1037, 1042 (E.D. Cal. 2010) (taking "judicial notice of the filing date and content of the First Tort Claim and its rejection by the County, and of the filing date and content of the Second Tort Claim, and its rejection."). In its reply, the County also seeks judicial notice of the Order for Release of Prisoner. (Dkt. No. 11-1, D's RJN, Ex. D.) For the same reasons stated above, the Court GRANTS the County's request for judicial notice of the Order for Release of Prisoner.

[2] Page numbers are based on the CM/ECF pagination.

[3] It is not clear whether the Notice of Rejection of Claims concerned the timely September 13, 2018 incident or addressed the untimely portion of the claim.

On April 25, 2019, Plaintiff filed a complaint in this Court alleging seven causes of action: (1) unlawful seizure pursuant to 42 U.S.C. § 1983 against Defendants Does 1–2; (2) arrest without probable cause pursuant to 42 U.S.C. § 1983 against Defendants Does 1–2; (3) violation of procedural due process pursuant to 42 U.S.C. § 1983 against Defendants County of San Diego and Does 3–25; (4) negligence against all Defendants; (5) false imprisonment against Defendants City of San Diego and Does 1–2; (6) intentional infliction of emotional distress against all Defendants; and (7) violation of California Civil Code section 52.1 ("Bane Act") against all Defendants. (Dkt. No. 1, Compl.)

On May 22, 2019, the City of San Diego filed an answer to the complaint. (Dkt. No. 6.) On the same day, the County filed a motion to dismiss for failure to state a claim. (Dkt. No. 7.) Plaintiff filed a timely opposition to the motion on June 14, 2019. (Dkt. No. 10.) The County filed a timely reply on June 28, 2019. (Dkt. No. 11.)

The County argues that all claims against it, i.e., third, fourth, sixth, and seventh causes of action, pled in Plaintiff's complaint, should be dismissed.[4] Specifically, the County contends the third cause of action, due process violation under 42 U.S.C. § 1983 should be dismissed because Plaintiff failed to identify an official policy or established custom that is alleged to have caused his constitutional injury to hold the County liable for a § 1983 claim. With respect to the fourth, sixth, and seventh causes of action, Plaintiff's remaining state law claims, the County argues Plaintiff failed to timely comply with the requirements of the California Tort Claims Act ("CTCA"). The crux of the County's argument is that Plaintiff's injury accrued on August 1, 2018, the date Plaintiff

---

[4] Defendant's notice of motion asserts that it also seek dismissal of the "prayer for punitive damages and attorneys' fees". (Dkt. No. 7.) First, Plaintiff responds that he did not seek punitive damages against the County. (Dkt. No. 10 at 15.) Yet, the Complaint alleges Plaintiff seeks exemplary damages against the County. (Dkt. No. 1, Compl. ¶ 139.) Accordingly, the Court GRANTS the County's motion to dismiss punitive damages against the County as unopposed. Second, Defendant does not provide any argument to supports its motion to dismiss attorneys' fees. Accordingly, the Court DENIES the County's motion to dismiss attorneys' fees as not legally supported.

4

19-cv-767-GPC-WVG

was released from County jail after a five-day detention, and Plaintiff, having filed his Government Claim Form on March 7, 2019, failed to present a government tort claim to Defendant within six months of the claim's accrual as required under California law.

Plaintiff, in his opposition, acknowledges that third cause of action for violation of his federal due process rights was alleged against the County in error. Because Plaintiff's opposition clarifies that the § 1983 claim was alleged against the County in error, the Court GRANTS the County's motion and DISMISSES Plaintiff's third cause of action as unopposed.

Plaintiff further argues that the County's motion to dismiss the state law claims should be denied because Plaintiff timely presented his Government Claim Form against the County on March 7, 2019. To support this contention, Plaintiff makes the following arguments: (1) Plaintiff's state law causes of action accrued on September 13, 2018, not August 1, 2018, due to the delayed discovery doctrine, (Dkt. No. 10 at 5–6); (2) the County's wrongful acts began in July 2018 and continued until September 13, 2018, (Dkt. No. 10 at 6–8); and (3) the County is equitably estopped from arguing untimeliness, (Dkt. No. 10 at 8–11).

In its reply to Plaintiff's opposition, the County argues that because Plaintiff's sole federal-question claim was alleged against the County in error, there are no remaining claims over which there exists original subject matter jurisdiction, and the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. In the alternative, the County argues that the state law claims must nevertheless be dismissed for the following reasons: (1) Plaintiff is precluded from invoking the delayed discovery doctrine because he had contemporaneous knowledge of his alleged injury when it occurred on August 1, 2018; (2) Plaintiff's complaint does not include specific facts demonstrating Plaintiff conducted a reasonable investigation of all potential causes of action for his injury once he was released from custody on August 1, 2018; and (3) Plaintiff's continuing violations and equitable estoppel arguments fail because the

Superior Court, and not County employees, ordered Plaintiff to appear in court on September 13, 2018.

## Discussion

**A. Legal Standard for Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This "facial plausibility" standard requires the plaintiff to plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint, and draws all reasonable inferences in favor of the plaintiff. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).

**B. Subject Matter Jurisdiction**

In its reply, the County argues that because Plaintiff's sole federal-question claim against the County is dismissed, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss the County from the suit.

Supplemental jurisdiction is constitutional so long as the pendent state law claim is part of the same "case or controversy" as the federal claim. Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003) (citing Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1174 (9th Cir. 2002)); see also 28 U.S.C. § 1367(a) (providing "the district courts shall have supplemental jurisdiction over all other claims that are so related to [federal claims] that they form part of the same case or controversy under Article III"). State law claims are

part of the same case or controversy as federal claims when they "'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding.'" Finley v. United States, 490 U.S. 545, 549 (1989) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)).

In this case, because the Court dismisses Plaintiff's third cause of action alleging a § 1983 claim against the County, the only remaining claims against the County are those brought under state law. However, although Plaintiff's third cause of action is dismissed as to the County, it remains as to individual County Defendants Does 3–25. (See Dkt. No. 1, Compl. ¶¶ 75–88.) Moreover, Plaintiff's first and second causes of action in his complaint alleges federal claims under § 1983 against Does 1–2. (Id. ¶¶ 48–74.) Having original jurisdiction over Plaintiff's three § 1983 claims against Does 1–25, the Court has supplemental jurisdiction over Plaintiff's state law claims against the County because the claims against all Defendants derived from a common nucleus of operative fact such that Plaintiff would ordinarily be expected to try them in one judicial proceeding. See 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction.").

Because the Court has federal-question jurisdiction over these first three causes of actions, the Court retains discretion to exercise supplemental jurisdiction over the remaining claims, as the federal and state claims all arise from the same facts and are part of the same case or controversy. See 28 U.S.C. § 1367(a); ABF Freight Sys., Inc. v. Int'l Brotherhood of Teamsters, 645 F.3d 954, 963 (8th Cir. 2011) (because district court had original jurisdiction over action against one defendant, it had supplemental jurisdiction over claims against another defendant "as the claims against all defendants arose from the same facts"). Accordingly, the Court exercises supplemental jurisdiction over the state law claims.

**C. Compliance with California Tort Claims Act**

The County alternatively argues that Plaintiff's state law claims, fourth, sixth, and seventh causes of action, must be dismissed as to the County on the basis that Plaintiff

7

did not present his claim to the County within six months of the time the cause of action accrued, as is required by the CTCA. The County argues that Plaintiff's causes of action accrued on August 1, 2018, when Plaintiff was released from the County jail, and therefore his March 7, 2019 Government Claim Form is untimely. Plaintiff argues that he timely complied with the CTCA because his claims were submitted within six months of September 13, 2018, the day he was ordered to appear in court and discovered no charges had been filed against him, which is the date that Plaintiff discovered his causes of action pursuant to the delayed discovery rule.[5] The County replies by arguing that the delayed discovery doctrine does not apply because Plaintiff had contemporaneous knowledge of the facts supporting his causes of action by August 1, 2018.

Under California law, before a complaint for monetary damages may be brought against a public agency, the injured party must comply with the claim presentation requirements of the CTCA. The failure to present a timely claim will bar the plaintiff from bringing suit against a public entity. See Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) (noting that the CTCA "requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim"). Under the CTCA, a claim relating to a cause of action for injury to person or to personal property against a public agency must be presented to the appropriate public entity "not later than six months after the accrual of the cause of action." Cal. Gov't Code § 911.2(a).

The general rule is that a "cause of action accrues 'when it is complete with all of its elements'—those elements being wrongdoing, harm, and causation." Pooshs v. Philip Morris USA, Inc., 51 Cal. 4th 788, 797 (2011) (citing Norgart v. Upjohn Co., 21 Cal. 4th 383, 389 (1999)). An important exception to the general rule of accrual is the "discovery

---

[5] Because the Court concludes that Plaintiff has sufficiently alleged the application of the delayed discovery rule, the Court need not address Plaintiff's additional arguments that his claims are timely under the continuing violation and equitable estoppel doctrines.

8

rule," which "postpones the accrual of a cause of action until the plaintiff discovers, or has reason to discover the cause of action." Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005). In order to rely on the delayed discovery rule, a complaint must plead facts to "show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Id. at 808 (quoting McKelvey v. Boeing N. American, Inc., 74 Cal. App. 4th 151, 160 (1999)). Courts "do not take a hypertechnical approach to the application of the discovery rule. Rather than examining whether the plaintiffs suspect facts supporting each specific legal element of a particular cause of action, we look to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them." Fox, 35 Cal. 4th at 807. "Once the elements of belated discovery are pleaded, the question of whether plaintiffs have exercised due diligence in discovering negligence is one of fact." Ovando v. City of Los Angeles, 92 F. Supp. 2d 1011, 1023 (C.D. Cal. 2000) (citing Bastian v. Cnty. of San Luis Obispo, 199 Cal. App. 3d 520, 527 (1988)); Yamauchi v. Cotterman, 84 F. Supp. 3d 993, 1011 (N.D. Cal. 2015) ("[O]nce properly pleaded, belated discovery is a question of fact.").

Courts have applied the delayed discovery rule to the accrual of state law tort claims for purposes of the claim presentation under the CTCA. See Estate of Victorianne v. Cnty. of San Diego, No. 14CV2170 WQH (BLM), 2016 WL 411292, at *12 (S.D. Cal. Feb. 3, 2016) (applying delayed discovery rule in tort claims act case); Ovando, 92 F. Supp. 2d at 1023 (applying the delayed discovery rule to a state law negligence claim for purposes of determining whether the plaintiff complied with the CTCA).

Here, the complaint alleges that after being incarcerated for five days without ever appearing before a judge, he was handed a sheet of paper and ordered to appear in court on September 13, 2018. (Dkt. No. 1, Compl. ¶ 104.) After being released from jail, Plaintiff believed he was a defendant awaiting criminal charges. (Id. ¶ 105.) He appeared in court on September 13, 2018 as ordered but no charges had been filed. (Id.) Plaintiff has sufficiently alleged facts to support the application of the delayed discovery rule as he has alleged the time and manner of discovery. The issue of whether he

9

exercised due diligence to discover his state law causes of action is a question of fact and not amenable on a motion to dismiss. Thus, at the pleading stage, the Court DENIES the County's motion to dismiss the state law claims due to a failure to timely comply with the claim presentation requirement of the CTCA.

## Conclusion

Based on the above, the Court GRANTS in part and DENIES in part Defendant County of San Diego's motion to dismiss. The Court GRANTS the County's motion to dismiss the third cause of action for violation of due process and punitive damages as unopposed and DENIES the motion to dismiss as to the remaining state law causes of action in the fourth, sixth and seventh causes of action. The hearing set for July 26, 2019 shall be **vacated.**

IT IS SO ORDERED.

Dated: July 23, 2019

Hon. Gonzalo P. Curiel
United States District Judge