UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; COUNTY OF SAN DIEGO, and DOES 1-25, inclusive,<br><br>    Defendants. | Case No.: 19CV767-GPC(WVG)<br><br>**ORDER DENYING MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL**<br><br>**[Dkt. No. 13.]** |

Before the Court is a motion to withdraw as Plaintiff's counsel for Plaintiff Ernest Jackson. (Dkt. No. 13.) Defendant City of San Diego filed a non-opposition to the motion to withdraw. (Dkt. No. 18.) Based on the reasoning below, the Court DENIES motion to withdraw as Plaintiff's counsel.

**Discussion**

"An attorney may not withdraw as counsel except by leave of court." Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case. See La Grand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998); Stewart v. Boeing Co., No. CV 12-5621 RSWL(AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013). Courts should consider the following factors when ruling upon a motion to withdraw as counsel: (1) the

1

reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. Curtis v. Illumination Arts, Inc., No. C12-0991JLR, 2014 WL 556010, at *4 (W.D. Wash. Feb. 12, 2014); Deal v. Countrywide Home Loans, No. C09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

Local Civil Rule 83.3(f)(3) also provides:

> Withdrawals. (a) A notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client. (b) **A declaration pertaining to such service must be filed. Failure to make service as required by this section or to file the required declaration of service will result in a denial of the motion**.

Local Civil R. 83.3(f)(3) (emphasis added). Counsel recognizes that a motion to withdraw as counsel must be served on the adverse parties and the moving counsel's client, (Dkt. No. 13-1 at 2[1]), yet counsel did not file a declaration that her client, Plaintiff Ernest Jackson, has been served with the motion. Counsel's declaration and proof of service filed with the Court only states that she e-filed the motion through the Court's electronic filing system but her client's address is not on the docket for this case. (Dkt. No. 13-3.)

Accordingly, the Court DENIES the motion to withdraw for failing to file a declaration indicating that her client has been served with the motion in violation of Local Civil Rule 83.3(f)(3). The hearing set for **November 1, 2019** shall be vacated.

IT IS SO ORDERED.

Dated: October 21, 2019

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] Page numbers are based on the CM/ECF pagination.